**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SANDRA W. BEAUCHAMP,
individually and on behalf of a class,

        Plaintiff,

    - against -

FINANCIAL RECOVERY SERVICES, INC.,

        Defendant.

No. 10-cv-4864-SAS

---

### DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR DISMISSAL PURSUANT TO FED. R. CIV. P. 12(b)(6)

### INTRODUCTION[1]

    Defendant Financial Recovery Services, Inc. ("FRS") respectfully submits this reply memorandum in support of its motion to dismiss (the "Motion"). The claims set forth by the putative class action Complaint filed by Plaintiff Sandra Beauchamp ("Plaintiff") are completely without merit and the arguments she raises in her opposition are unavailing for the reasons set forth below.

### FACTS[2]

    FRS restates the facts as they are alleged in the Motion. In addition, it should be noted that the facts asserted by Plaintiff are not facts at all. While Plaintiff asserts that FRS never adds interest, fees, etc., Plaintiff also sets forth the following, which is problematic and calls into

---

[1] FRS objects to Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss Complaint as it does not comply with Your Honor's Individual Rules and Procedures, which require that memoranda that exceed 10 pages must include a table of contents and table of authorities, neither of which were included in Plaintiff's 12-page memorandum.

[2] As stated in the Motion at footnote 2, for purposes of the Motion only, FRS accepts Plaintiff's version of the facts, while reserving its right to refute the same should this matter not be dismissed.

question the sincerity of Plaintiff's allegations and which appears to be nothing more than a feeble attempt to defeat the instant motion: "**<u>Unbeknownst to Plaintiff</u>**, Defendant does not – at anytime – add "interest," "late charges," or "other charges" to the consumer debts it seeks to collect." Pl. Opp. at 4 (emphasis added). If Plaintiff does not know the "facts" that she is alleging, how can they be deemed facts and where did they come from?[3] Nonetheless, Plaintiff has alleged that FRS never adds such additional fees or costs, "on information and belief," despite not knowing if the allegations are true.

## STANDARD[4]

FRS restates the legal standards for motions brought pursuant to Fed. R. Civ. P. 12(b)(6) as set forth in the Motion. In addition, FRS notes that the standard asserted by Plaintiff, by and large, is outdated given the rulings in *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Indeed, Plaintiff asserts that under 1999 First Circuit case law, she only needs to "allege a factual predicate concrete enough to warrant further proceedings." Pl. Opp. at 5 (citing *DM Research v. College of Am. Pathologists*, 170 F.3d 53 (1st Cir. 1999)). Moreover, Plaintiff asserts that motions to dismiss are disfavored as per 1995 Second Circuit case law. Pl. Opp. at 6 (citing *Baker v. Cuomo*, 58 F.3d 814 (2d Cir. 1995)). However, these cases pre-date *Twombly* and *Iqbal* and are of no import as to the portions cited by Plaintiff.

---

[3]     It appears that Plaintiff is trying to convert this issue to a question of fact by making unknown claims as to how FRS would proceed after the first letter, which is the only letter at issue. FRS will not be baited by Plaintiff and asserts that the only relevant issue is whether or not its letter complied with the FDCPA.

[4]     It is worth noting that Plaintiff does not dispute that the interpretation of a collection letter is a question of law, as per *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360 (2d Cir. 2003) (upholding the district court's finding that the letter did not violate 15 U.S.C. §§ 1692e or 1692g as a matter of law).

As Plaintiff's claims are premised solely upon "facts" asserted "on information and belief," which are admittedly unknown to Plaintiff, Plaintiff does not meet the applicable standards and her claims must be dismissed.

## LEGAL ARGUMENT

**I.      FRS' Letter Complies With 15 U.S.C. §§ 1692g and 1692e; Plaintiff's Arguments to the Contrary Are Unavailing.**

### A.      FRS' Letter Set Forth The Amount Of The Debt Pursuant To 1692g.

FRS' Letter set forth the amount of the debt as per the decision in *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols and Clark, L.L.C.*, 214 F. 3d 872 (7th Cir. 2000). Plaintiff asserts that *Miller* is not applicable because *Miller* was decided during the summary judgment stage. However, the court in *Miller* provided safe harbor language, that if followed, would be deemed compliant with the FDCPA. Contrary to Plaintiff's argument, common sense dictates that if one utilizes the safe harbor language that is deemed to comply with the FDCPA, one would not have to be subjected to discovery abuses in order to be vindicated at the summary judgment stage; rather one would be entitled to dismissal via Rule 12(b)(6) and possibly entitled to fees. Indeed, the safe harbor language was crafted after the court had already decided the summary judgment issue in *Miller*. Thus, the fact that *Miller* was decided during summary judgment does not alter the safe harbor language and Plaintiff's argument to the contrary fails.

In addition to the *Miller* case, FRS wishes to bring to the Court's attention a decision by United States District Judge Richard G. Kopf in *Brill v. Financial Recovery Services, Inc.*, No. 4:10CV3121 (D. Neb. Nov. 10, 2010), a copy of which is attached hereto as Exhibit 1. In *Brill*, the court addressed language in a letter to a consumer from FRS, nearly identical to the language at issue in the instant case (*see* Compl. Ex. A), and determined that the letter, taken as a whole (including the "tear-off" sheet which provided the "TOTAL BALANCE DUE"), did not violate

15 U.S.C. §§ 1692e or 1692g.  *See Brill* at 9.  The court noted that "[i]t is hard to imagine how even an 'unsophisticated consumer' could misinterpret [three] different statements [in the letter] regarding the amount due as of the date of the letter."  *Id.*  The Court further noted that FRS went beyond the mandates of the FDCPA and stated that "[t]he inclusion of this additional language should not 'place debt collectors on a razor's edge, where if they say too little they violate the Act by failing to disclose the amount of the debt they are trying to collect and if they say too much they violate the Act by confusing the consumer.'"  *Id.* (quoting *Chuway v. National Action Fin. Svs., Inc.*, 362 F.3d 944, 949 (7th Cir. 2004)).

The *Brill* court dismissed the plaintiff's claims with prejudice.  The *Brill* decision supports FRS' assertion in the instant matter that Plaintiff's claims, based on identical "safe harbor" language, should be dismissed in their entirety, with prejudice.

While Plaintiff asserts that there is little case law in FRS' favor, she has provided no case law that supports her claim and thus all relevant case law supports FRS.  Indeed, the dearth of case law on point is likely indicative of the fact that such tenuous claims are rarely made because they are not legitimate.

It is worth noting that Plaintiff's claim that FRS' letter does not accurately set forth the amount of the debt amounts to a dispute of the debt although there is no claim that Plaintiff disputed her account prior to this lawsuit.  In *Richmond v. Higgins*, 435 F.3d 825 (8th Cir. 2006), the Eighth Circuit Court of Appeals held that where a debtor failed to dispute the account until after the 30-day validation period expired, the debtor could not later claim FDCPA violations on what was otherwise a previously undisputed account.  The *Richmond* court further stated that as the basis of the dispute existed long before the debtor's untimely dispute, no valid claim existed and "[t]o hold otherwise would be to sanction consumer conduct that the FDCPA clearly did not

contemplate." *Id*.  In this matter, Plaintiff could have disputed the amount of the debt and sought clarification, but opted to proceed with litigation.  Thus, under *Richmond*, Plaintiff's claims regarding the amount of the debt are invalid.  *See also Lindbergh v. Transworld Systems, Inc.*, 846 F. Supp. 175 (D.Conn. 1994) (rejecting a plaintiff's purported FDCPA cause of action on the ground that plaintiff failed to take advantage of the statutory debt validation procedure but, instead, instituted litigation); *Bleich v. The Revenue Maximization Group, Inc.*, 233 F. Supp. 2d 496 (E.D.N.Y. 2002) (holding that if a debt collector includes the proper debt validation language, the allegation that a debt is invalid is insufficient upon which to make a claim under the FDCPA).

Accordingly, FRS' letter accurately set forth the amount of Plaintiff's debt and her claims under 1692g fail.

### B.      FRS' Letter Is Not Deceptive Or Misleading Under 1692e.

Among other things, Plaintiff asserts that FRS tries to confuse consumers about the amounts they owe.  Pl. Opp. at 4.  However, such an argument is nonsensical given that FRS is in the business of collecting debts and creating confusion would undoubtedly be counterproductive (and lead to FDCPA litigation, frivolous or otherwise).  In addition, Plaintiff asserts that FRS intends to lead consumers to believe that they will benefit financially by immediately sending payment for the amount demanded, rather than waiting for possible reduced offers.  *See id*. However, it is legal to issue settlement offers; thus, Plaintiff's argument is unavailing.  Moreover, paying a bill immediately and clearing one's name with a creditor might actually be a financial benefit to a debtor; thus, Plaintiff's statement, regardless of its merits, is likely a true statement and does not support a finding of liability.

Perhaps most telling is the fact that Plaintiff has failed to provide any case law that supports her FDCPA claims.  Despite her claim that FRS' arguments are "in contradiction to the

overwhelming majority of federal court decisions," Plaintiff has cited to no cases except in response to FRS' assertion that Plaintiff's claims are the result of an ingenious misreading.  As Plaintiff cites to no case law, it is clear that Plaintiff's statement regarding the abundance of case law in her favor is without merit.

In yet another misstatement, Plaintiff asserts that FRS can cite to no legal authority to support its position that it did not violate 1692e.  Pl. Opp. at 9.  However, the case law previously cited by FRS in regard to the Plaintiff's 1692g claim is applicable here.  Indeed, if FRS' Letter accurately set forth the amount of the debt under 1692g, it did not set forth the amount of the debt in a misleading or deceptive manner.

Moreover, as stated by the Brill court in regard to a 1692e claim based upon the same language:

> The main issue here is the letter's further statement that interest, late charges, and other charges "may or may not be" applicable to the debtor's account and, if applicable, may cause the amount owing to increase if not paid immediately. If such charges are applicable, the letter advises the debtor that "an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection." The letter directs the debtor to "write the undersigned or call" a designated telephone number for "further information." By including this additional information, the defendant went beyond the FDCPA's requirement to truthfully represent the amount of the debt due as of the date of the letter in order to warn the debtor that if her agreement with the creditor requires the payment of daily interest or other charges on overdue balances, the amount of debt due may increase if payment is not made immediately. The inclusion of this additional language should not "place debt collectors on a razor's edge, where if they say too little they violate the Act by failing to disclose the amount of the debt they are trying to collect and if they say too much they violate the Act by confusing the consumer." *Chuway v. National Action Fin. Svs., Inc.*, 362 F.3d 944, 949 (7  Cir. 2004).

\*\*\*\*\*

> The language about which Plaintiff complains in this case ("Interest, late charges, and other charges may or may not be applicable to this account") is nearly identical to the "safe-harbor" language referenced above ("Because of interest, late charges, and other charges that may vary from day to day"), as is the remainder of Defendant's letter. Both of these phrases indicate that the amount owed may vary if not paid immediately because of interest, late charges, or other charges that may apply as time passes by virtue of the

debtor's contract with the creditor. "[E]ven the most unsophisticated consumer would understand that credit card debt accrues interest." *Weiss v. Zwicker & Associates, P.C.*, 664 F. Supp. 2d 214, 217 (E.D.N.Y. 2009).

Accordingly, I conclude that Defendant's April 7, 2010, letter to Plaintiff did not falsely misrepresent the "amount . . . of any debt" within the meaning of 15 U.S.C. § 1692e or "the amount of the debt" within the meaning of 15 U.S.C. § 1692g, and Plaintiff has failed to state a claim upon which relief may be granted under these statutes. *See, e.g., Williams v. OSI Educ. Svs., Inc.*, 505 F.3d 675 (7th Cir. 2007) (debt collection letter stating "TOTAL DUE: $807.89" and directing debtor to call "to find out your exact payout balance" because of "interest which is accruing daily per your original agreement with your creditor" complied with 15 U.S.C. § 1692g(a)(1) because a "[u]nder a natural reading, the language conveys, even to an unsophisticated consumer, that interest will accrue after the letter is sent and therefore that the consumer should call to find out the 'exact payout balance'"); *Barnes v. Advanced Call  Center Technologies, LLC*, 493 F.3d 838 (7th Cir. 2007) (letter from debt collection agency stating "Current Amount Due" on past-due credit card account and informing debtor that credit card company may continue to add interest and fees according to agreement with debtor sufficiently stated "the amount of the debt" within meaning of 15 U.S.C. § 1692g, especially when "tearoff" section of letter clearly provided "Current Amount Due" and directed consumer to return tearoff section with payment and nothing more); *Taylor v. Cavalry Investment, L.L.C.*, 365 F.3d 572 (7th Cir. 2004) (language in debt collection letter stating principal balance, interest due, total balance due, and that "your account balance may be periodically increased due to the addition of accrued interest or other charges as provided in your agreement with your creditor" was not confusing in violation of sections 1692e and 1692g of FDCPA; rather, it was "the clear statement of a truism"); *Miller*, 214 F.3d 872 (FDCPA requires debt collection letter to state total amount due, which includes interest, principal, and other charges, as of date letter sent; if amount owed may vary day-to-day, additional language should be included regarding the possible variance and contact information).

*Brill* at 9-11. As the *Brill* court found that the plaintiff failed to state a valid claim based upon the same language at issue in this matter, the claims against FRS in this matter should also be dismissed.

Plaintiff also takes issue with FRS' Letter because it offers Plaintiff a payment option of paying the amount listed, $567.30, in full and asserts that this payment option renders the statement that interest or other charges may be added, false.  However, as set forth above and below, the language says that charges may apply and that FRS would advise if it changes the amount owing.  As set forth above, it is widely known that credit card debt accrues interest,

regardless of whether or not that amount is sought from a debtor.  Thus, FRS' Letter is not misleading.

FRS' Letter correctly sets forth that interest, late charges or other charges may alter the balance.  Without doubt, this is a true statement.  Moreover, it has been stated, as set forth above, that even the least sophisticated consumer should know interest applies to credit accounts.  *See Weiss*, 664 F. Supp. 2d at 217 ("even the most unsophisticated consumer would understand that credit card debt accrues interest").  In this matter, FRS' Letter sets forth that the creditor is HSBC Card Services, clearly indicating to all (and to Plaintiff, who does not claim to dispute the debt), that given the debt is for a failure to pay a credit card, interest will continue to accrue.  Thus, it is reasonable to assume under *Weiss* that, regardless of Plaintiff's ranking on the sophistication ladder, Plaintiff knew that interest would accrue on her HSBC account.  Indeed, regardless of whether or not interest charges are sought on credit card debt, it continues to accrue under contract and could be applied at any time.  This is a fact that even the least sophisticated consumer should know.  Thus, FRS' Letter was not false or deceptive under 1692e or e(10).

Plaintiff further makes the claim that FRS' Letter was a false threat to take an action that could not be taken or that was not intended to be taken, but fails to advise what action was threatened.  Regardless, this claim is completely frivolous as there was no threat by FRS, but rather a statement advising that the amount may change and that FRS would inform Plaintiff if necessary.  Moreover, Plaintiff can cite to no case law that supports this absurd and imaginative interpretation, as the majority of cases that have considered claims under 1692e(5) deal with threats of legal "action" and threats to one's credit.  *See Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22 (2d Cir. 1989); *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60 (2d Cir. 2003); *Dewees v. Legal Servicing, LLC*, 506 F. Supp. 2d 128 (E.D.N.Y. 2007).  In this matter,

there was no threat to take any legal action against Plaintiff; indeed, there was no threat at all. Thus, there was no violation of 1692e(5).

Accordingly, as FRS provided Plaintiff with the balance owing and its language complied with the FDCPA, it was not deceptive or misleading and Plaintiff's claims should be dismissed.

### C.      Plaintiff's Claim Is The Result "Of An Ingenious Misreading."

In yet another misstatement by Plaintiff, she asserts that FRS was misleading in regard to its citation to *Jacobson v. Healthcare Financial Services, Inc.*, 434 F. Supp. 2d 133 (E.D.N.Y. 2006) and *Federal Home Loan Mortgage Corp. v. Lamar*, 503 F.3d 504 (6th Cir. 2007) because FRS neglected to inform the Court that subsequent to *Lamar*, the Second Circuit reversed *Jacobson*.  Although the Second Circuit did partially reverse the district court's decision, *see Jacobson v. Healthcare Financial Services, Inc.*, 516 F.3d 85, 91 (2d Cir. 2008), the reversal was limited to whether the validation notice contained in the dunning letter in question made clear the end date of the plaintiff's window to dispute the debt.  *See id.* at 93-95.  Contrary to Plaintiff's assertion, the quoted portion of Judge Glasser's decision (which questions the logic and sincerity of certain "professional plaintiffs" claims) was not overruled.  Rather, the quoted language (like that quoted in turn by Plaintiff) is *dicta*, and was quoted merely to illustrate the absurdity of claims like those made by Plaintiff.  Plaintiff's attempt to misconstrue the weight of the authority quoted by FRS should not be countenanced by the Court.

In addition, Plaintiff also asserts that FRS was misleading in its brief because "[t]he Sixth Circuit did not write the text reprinted in NCO's brief.  The Sixth Circuit merely quoted *Jacobson* …."  Pl. Opp. at 11.  First, FRS is unsure why Plaintiff is referring to NCO, but assumes it was an error.  Second, FRS' memorandum clearly indicated that the Sixth Circuit quoted *Jacobson* as it included "(*quoting Jacobson*)" in its cite.  *See* Def. Mem. Supp. Dism. at 14.  Plaintiff's statements are entirely false and merit no consideration.

## CONCLUSION

Based on the foregoing arguments, this Court should dismiss Plaintiff's claims against

FRS pursuant to Fed. R. Civ. 12(b)(6).


Dated:  Valhalla, New York
        December 20, 2010

                                        _____/s/  Sergio Alves_____
                                        Scott A. Schechter
                                        Sergio Alves
                                        KAUFMAN BORGEEST & RYAN LLP
                                        Attorneys for Defendant
                                        FINANCIAL RECOVERY SERVICES, INC.
                                        200 Summit Lake Drive
                                        Valhalla, New York 10595
                                        Phone: (914) 449-1000
                                        Fax: (914) 449-1100
                                        E-mail: sschechter@kbrlaw.com
                                        E-mail: salves@kbrlaw.com


To:     Abraham Kleinman, Esq.
        KLEINMAN LLC
        626 RXR Plaza
        Uniondale, New York 11556-0626
        Phone: (516) 522-2621
        Fax: (888) 522-1692
        E-mail: akleinman@kleinmanllc.com

        William F. Horn, Esq.
        LAW OFFICE OF WILLIAM F. HORN
        188-01B 71st Crescent
        Fresh Meadows, New York 11365
        Phone: (718) 785-0543
        Fax: (866) 596-9003
        E-mail: bill@wfhlegal.com

        *Attorneys for Plaintiff*
        *Sandra W. Beauchamp*